UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                      Petitioner,<br><br>v.<br><br>KELLEY MARTINEZ, Sheriff,<br><br>                      Respondent. | Case No.: 3:23-cv-2148-MMA-BLM<br><br>**ORDER: (1) DENYING PETITIONER'S MOTION FOR JUDICIAL NOTICE [ECF No. 6]**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254) AND SETTING BRIEFING SCHEDULE** |

**INTRODUCTION**

On November 29, 2023, Petitioner, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the loss of credits after a rule violation disciplinary hearing. *See* ECF No. 1. On December 5, 2023, the Court denied Petitioner's request to proceed *in forma* pauperis and dismissed the Petition. *See* ECF No. 4. In its Order, the Court notified Petitioner that to have his case reopened, he must either pay the filing fee or provide adequate proof of his inability to pay, no later than January 8, 2024. ECF No. 4 at 2.

On January 4, 2024, Petitioner paid the requisite filing fee and the case was reopened. *See* ECF No. 5. Petitioner also filed a Motion for Judicial Notice ("Motion") on

the same day. ECF No. 6. For the reasons discussed below, the Court denies Petitioner's Motion, orders a response to the Petition, and sets a briefing schedule.

## JUDICIAL NOTICE

In his Motion, Petitioner requests the Court take judicial notice of fact that he did not receive a copy of this Court's December 4, 2023 Order until December 28, 2023, "making it impossible to comply with [the] order by January 8, 2024."[1] ECF No. 4 at 1. He also asks the Court take judicial notice of the fact that, while being confined at the Vista Detention Facility, he has been "denied access to incoming and outgoing mail." *Id.*

A federal court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute" if the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rule Civ. P. 201(b). Under this rule, courts may take judicial notice of "undisputed matters of public record," but generally may not take judicial notice of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Here, the facts Petitioner seeks to have judicially noticed are simply allegations from Petitioner. They are neither matters generally known in this jurisdiction, nor those that can be "readily determined" from unquestionably accurate sources. The date Petitioner personally received his mail in jail is not a matter of "public record," nor is the conduct of individuals who are purportedly denying or delaying Petitioner's access to his mail. Therefore, the Motion is **DENIED**.

## BRIEFING SCHEDULE

Upon review of the Petition, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a

---

[1] The Court notes that despite this, Petitioner complied with the Court's December 4, 2023 Order by the January 8, 2024 deadline when he paid the filing fee on January 4, 2024. *See* ECF Nos. 4, 5.

copy of this Order on the Attorney General for the State of California, or her authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" no later than **January 30, 2024**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **March 15, 2024**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address **all** grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[2] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **April 15, 2024**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6. If Respondent does not contend that the Petition can be decided without the

---

[2] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer,</u> pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **March 15, 2024**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

7. Petitioner may file a traverse to matters raised in the answer no later than **<u>April 15, 2024</u>**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be

disregarded by the Court.

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: 1/16/2024

Hon. Barbara L. Major
United States Magistrate Judge