UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>         Petitioner,<br><br>v.<br><br>SHERIFF KELLEY MARTINEZ, et al.,<br><br>         Respondents. | Case No.: 23-cv-2148-MMA (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 15] |

  Petitioner Pedro Rodriguez ("Rodriguez" or "Petitioner"), a state prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") alleging he was deprived of his due process and equal protection rights during a disciplinary hearing while he was incarcerated. *See* Doc. No. 1. Respondent has filed a Motion to Dismiss the Petition. *See* Doc. No. 15. For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

## I. F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>

  Petitioner is serving a thirty-year sentence after being convicted of various charges, including child molestation, conspiracy to obstruct justice, fraudulently obtaining unemployment benefits, and aiding and abetting forgery. *See* Doc. No. 36-17 in *Rodriguez v. Allison*, S.D. Cal. Case No. 21-cv-1395-JLS (AHG). On February 15, 2023,

while Petitioner was incarcerated at the San Diego Central Jail, Sheriff's Deputy Kane woke Petitioner up at about 1:30 a.m. by opening his cell door. Doc. No. 1 at 10. When Petitioner asked Kane why his cell door was opened, Kane replied "I can open it if I want to." *Id.* at 10–11. Petitioner then asked Deputy Harris, who was nearby, what was going on; Harris told Petitioner they were going to put an inmate in Petitioner's cell. *Id.* at 11. Rodriguez objected to having a cellmate because he is transgender. *Id.*

According to Rodriguez, Kane later initiated a "retaliatory" rules violation report which accused Petitioner of disobeying staff instructions, disrespecting and threatening staff, boisterous behavior, and interfering with operations. *Id.*; Doc. No. 1-2 at 24; 1-3 at 25. Petitioner claims he was denied his right to present witnesses, evidence, and a statement at the hearing and was not given a written hearing decision, in violation of his constitutional rights to due process and equal protection. Doc. No. 1-2 at 11–12.

Rodriguez filed several grievances regarding the alleged denial of his rights, which were denied. *See* Doc. No. 1-3 at 21–38, 1-4 at 1–12. Rodriguez filed a habeas corpus petition in the California Court of Appeal, which denied the petition on procedural grounds. *See* Doc. No. 1-2 at 4–5. He then filed a habeas corpus petition in the California Supreme Court, which summarily denied the petition. *See id.* at 3.

Rodriguez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on November 20, 2023. *See* Doc. No. 1. Respondent filed a Motion to Dismiss the Petition on March 15, 2024, and Rodriguez filed an Opposition to the Motion to Dismiss on April 5, 2023. *See* Doc. Nos. 15, 19.

## II. DISCUSSION

Respondent argues the Petition should be dismissed for three reasons. First, Respondent contends this Court does not have jurisdiction over the matter. Second, Respondent contends Rodriguez failed to exhaust his state judicial remedies. Lastly Respondent argues Rodriguez has not stated a cognizable federal claim. *See* Doc. No. 15-1.

///

## A. Jurisdiction

Citing a Fifth Circuit case, *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000), Respondent contends this Court does not have jurisdiction pursuant to 28 U.S.C. § 2241(d) over the habeas corpus petition filed by Rodriguez because he is challenging a disciplinary hearing, which is not a decision rendered by a state court.  Doc. No. 15-1 at 4–5.  Under § 2241(d), a person who is in custody pursuant to a judgment of a state court may file a petition for writ of habeas corpus pursuant to § 2254 in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced by a state court.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  In *Wadsworth*, a prisoner brought a habeas corpus action pursuant to 28 U.S.C. § 2254 in the Southern District of Texas, the district in which his disciplinary hearing occurred.  *Wadsworth*, 235 F.3d at 960.  The Fifth Circuit concluded that because the disciplinary hearing was not a state court conviction, the Southern District of Texas did not have jurisdiction over petitioner's case under § 2241(d).  *Wadsworth*, 235 F.3d at 963.  Rather, Wadsworth had to file his federal habeas corpus action in either the Western District of Texas, where he was confined, or in the Northern District of Texas, where he was convicted, but not in the Southern District of Texas where his disciplinary hearing had taken place.  *Id.* at 961–62.  In any event, Rodriguez is not challenging the results of his disciplinary hearing in this case.  Rather, he is challenging the state court's denial of his state habeas corpus petition in which he claimed his federal constitutional rights were violated at his disciplinary hearing.  *See* Doc. No. 1.

Accordingly, because he was convicted and sentenced in San Diego County and he is confined in San Diego County, the Court concludes it has jurisdiction over Rodriguez's § 2254 habeas corpus petition.  *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.").

/ / /

/ / /

**B. Exhaustion**

Respondent contends Petitioner has failed to exhaust his state court remedies. Doc. No. 15-1 at 6–7. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). In California, the state supreme court has original jurisdiction in habeas corpus proceedings and a petitioner may therefore file in that court directly. *See* Cal. Const., Art. VI, § 10; *see also Robinson v. Lewis*, 9 Cal. 5th 883, 896 (2020) (in California, a petitioner may file "a new, original petition for a writ of habeas corpus in [the California Supreme Court] invoking th[e] court's original jurisdiction"). To properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

In response to the Court's April 8, 2024 Order, Respondent lodged the habeas corpus petition Petitioner filed in the California Supreme Court in case no. S280990. *See* Doc. No. 22-1. A review of that petition reveals Petitioner raised the same claims in the California Supreme Court as he seeks to raise in the instant case. *See id.*; Doc. No. 1. The California Supreme Court summarily denied the petition in case no. S280990. *See* https://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2674357&doc_no=S280990&request_token=NiIwLSEnXkw7W1BdSCM9VEhIUDg0UDxTKyJeIzNTMCAgCg%3D%3D (last visited on April 26, 2024). Accordingly, the Court concludes Petitioner has exhausted his state judicial remedies.

**C. Failure to State a Cognizable Claim**

Respondent argues Rodriguez has failed to state a cognizable claim for relief because he was not assessed any loss of credits at the disciplinary hearing. Doc. No. 15-1 at 5–6. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 588, 500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 499; *Nettles*, 830 F.3d at 935.

In response to the Court's April 8, 2024 Order, Respondent lodged the Hearing Report from the February 15, 2023 incident, which shows Rodriguez received ten days of Disciplinary Segregation. *See* Doc. 22-2 at 6. According to the San Diego County Sheriff's Department Detention Services Bureau, Manual of Policies and Procedures, an inmate may be placed in a disciplinary separation cell as a "major disciplinary sanction" for up to ten days, during which he can be deprived of "module property items except bedding, clothing, legal papers, . . . personal correspondence, and hygiene items." *See* https://apps.sdsheriff.net/PublicDocs/SB978/Detention%20Services%20Bureau/Detentions%20Policy%20and%20Procedure%20Sections/Section%20O%20-%20RULES%20AND%20DISCIPLINE%20OF%20INCARCERATED%20PERSONS/o01.pdf.[1] The Report does not show Petitioner lost any custody credits as a result of the

---

[1] The Court takes judicial notice of the San Diego County Sheriff's Department Detention Services Bureau, Manual of Policies and Procedures. *See* Fed. R. Civ. P. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g., Westwood v. County of San Bernardino*, No. EDCV 21-00117 JGB (KKx), 2022 WL 1843222, at *5 (C.D. Cal. May 12, 2022) (taking judicial notice

incident in question, and thus he has not stated a cognizable claim for federal habeas corpus relief. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (Doc. No. 15). The Clerk of Court is directed to enter judgment and close this case.[2]

**IT IS SO ORDERED.**

Dated: April 29, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

of the Operational Procedural Manual published by the San Bernardino Sheriff's Department Detention and Corrections Bureau).

[2] If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new case number.