# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>         Petitioner,<br><br>v.<br><br>SHERIFF KELLEY MARTINEZ, et al.,<br><br>         Respondents. | Case No.: 23-cv-2148-MMA (BLM)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

  Pedro Rodriguez, a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court alleging he was deprived of his due process and equal protection rights during a disciplinary hearing while he was incarcerated. *See* Doc. No. 1. Respondent filed a Motion to Dismiss the Petition, which this Court granted. *See* Doc. Nos. 15, 23. Rodriguez appealed the dismissal to the Ninth Circuit Court of Appeals. Doc. No. 25. On July 1, 2024, the Ninth Circuit remanded the case back to this Court for the limited purpose of granting or denying a Certificate of Appealability ("COA"). *See* Doc. No. 27.

  A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that

"'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rodriguez's Disciplinary Hearing Report shows he received ten days of Disciplinary Segregation. *See* Doc. 22-2 at 6. According to the Policies and Procedures Manual for the San Diego County Sheriff's Department Detention Services Bureau, an inmate may be placed in disciplinary separation as a "major disciplinary sanction" for up to ten days, during which he can be deprived of "module property items except bedding, clothing, legal papers, . . . personal correspondence, and hygiene items." *See* https://apps.sdsheriff.net/ PublicDocs SB978/Detention%20Services%20Bureau/ Detentions%20Policy%20and%20Procedure%20Sections/Section%20O%20-%20 RULES%20AND%20DISCIPLINE%20OF%20 INCARCERATED%20 PERSONS/o01.pdf.[1] Petitioner did not lost any custody credits as a result of his disciplinary hearing, and thus "success on [his] claims would not necessarily lead to [his] immediate or earlier release from confinement . . . ." *Nettles v. Grounds*, 830 F.3d 922,

---

[1] See https://apps.sdsheriff.net/PublicDocs/SB978/Detention%20Services%20Bureau/Detentions%20Policy%20and%20Procedure%20Sections/Section%20O%20-%20RULES%20AND%20DISCIPLINE%20OF%20INCARCERATED%20PERSONS/o01.pdf. The Court takes judicial notice of the San Diego County Sheriff's Department Detention Services Bureau, Manual of Policies and Procedures. *See* Fed. R. Civ. P. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see*, *e.g.*, *Westwood v. County of San Bernardino*, No. EDCV 21-00117 JGB (KKx), 2022 WL 1843222, at *5 (C.D. Cal. May 12, 2022) (taking judicial notice of the Operational Procedural Manual published by the San Bernardino Sheriff's Department Detention and Corrections Bureau).

935 (9th Cir. 2016).  Accordingly, Rodriguez's claims do not fall within "the core of habeas corpus," *id.* (citation omitted), and a COA is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: July 2, 2024

HON. MICHAEL M. ANELLO
United States District Judge